CALOGERO, Justice.
In January of 1976, the defendant Bruce Blouin was arrested for armed robbery and attempted second degree murder. Because the defendant was only 16 years of age at that time, a petition charging that he was a juvenile delinquent, based on the commission of these crimes, was filed against him in the juvenile court for the Parish of Tan-gipahoa. On January 26, 1976, the state filed a motion for hearing to transfer the matter to the district court so that he could be tried as an adult. This hearing was conducted on January 29, 1976 at the conclusion of which the court ordered the matter so transferred. A bill of information was then filed charging the defendant with armed robbery in violation of La.R.S. 14:64. The defendant was then arraigned and entered a plea of not guilty. However, on March 30, 1976, defendant, together with his counsel, appeared in court, the plea of not guilty was withdrawn, and a plea of guilty was entered and accepted. On May 13,1976, following a-pre-sentence investigation the defendant was sentenced to serve twenty-five (25) years at hard labor in the custody of the Department of Corrections. No appeal was taken. However, on June 18, 1976, the defendant filed a motion to vacate the guilty plea and the sentence, and an alternative motion for writs of habeas corpus. On July 22, 1976, on motion of the defendant, the court ordered the appointment of a lunacy commission. Following the defendant’s examination in this regard, a motion to fix the hearing on the motion to vacate and the application for writs of ha- *1284 beas corpus was filed. After several continuances, the hearing was held on January 27, 1977. After taking the matter under advisement, the trial court on January 29, 1977 denied the defendant the relief sought. Defendant moved for an appeal to this Court. Because the defendant was apparently seeking review of the denial of his application for habeas corpus, wé treated the appeal as a habeas application. On October 27, 1977 the writ was granted.
We construe relator’s assignments to include among them a complaint that the transfer of his case from the juvenile to the district court was not in conformity with the juvenile transfer statute, R.S. 13:1571.1[1], because the trial court neither conducted a meaningful transfer hearing at which evidence and/or arguments were entertained as per 13:1571.1(4) concerning whether defendant was amenable to treatment or rehabilitation through facilities available to juvenile court, nor stated “reasons for judgment with sufficient particularity to insure meaningful review by this Court.”[2] State v. Everfield, 342 So.2d 648 (La.1977).
This Court discussed at length the factors to be considered in determining whether a juvenile should be transferred to criminal district court in State v. Everfield, supra. In that opinion, per Justice Marcus, we stated:
“. . . the decision that juvenile is not amenable to treatment or rehabilitation should be based on a careful review of relevant considerations such as the age, maturity and sophistication of the juvenile; the nature and seriousness of the offense charged; prior acts of delinquency, if any, and their nature and seriousness; past efforts at rehabilitation and treatment and the juvenile’s response thereto; whether the juvenile’s behavior might be related to physical or mental problems, and the techniques, programs, *1285 personnel and facilities available to the juvenile court system which might be competent to deal with the problems of the particular juvenile whose transfer is being considered. We do not mean to suggest that these are the only relevant considerations. The juvenile court judge must evaluate each case on its own merits. There are no specific standards mandated by either the state or federal constitutions. In Breed v. Jones, supra, the Supreme Court noted that, although certain procedural due process rights set forth in Kent must be afforded at a transfer hearing, . . . the Court has never attempted to prescribe criteria for, or the nature and quantum of evidence that must support, a decision to transfer a juvenile for trial in adult court.”
In the present case the record reflects not only an absence of consideration of the required factors but also an absence of stated reasons. Furthermore, the state in brief has effectively conceded that the required hearing was not conducted. At the hearing the only witnesses were the defendant’s mother, who merely testified as to her relationship to the defendant and his age, and a member of the Tangipahoa Parish Sheriff’s Office who testified that the petition had been filed against the defendant in juvenile court.
For the foregoing reasons we set aside the order entered in the juvenile court transferring relator’s case for prosecution in the district court as well as all proceedings in the district court subsequent to that transfer and we remand to the juvenile court for such proceedings as are appropriate and consistent with law.

Decree

Writ granted. Juvenile court transfer order and all district court proceedings set aside. Case remanded to juvenile court for further proceedings.
TRANSFER ORDER VACATED; CASE REMANDED TO JUVENILE COURT.

. This statute, adopted pursuant to Article 5 Section 19 of the Louisiana Constitution of 1974, provides as follows:
A.Effective January 1, 1975, after a petition has been filed alleging delinquency based on conduct which is designated a crime or public offense by the statutes of the United States, of this state, or by ordinance of local political subdivisions exercising general governmental functions, the court, before hearing the petition on its merits, may transfer the alleged offender for prosecution to the appropriate court exercising criminal jurisdiction if the district attorney, the alleged offender, or the court on its own motion, files a transfer petition and the following conditions are met:
(1) The child has attained the age of fifteen years or more at the time of the alleged conduct;
(2) A hearing on whether the transfer should be made is held in conformity with R.S. 13:1571.2;
(3) Notice in writing of the time, place and purpose of the hearing is given to the child and his parents, tutor, or other custodian at least ten days before the hearing; and
(4) The court finds that there are reasonable grounds to believe that the child is not amenable to treatment or rehabilitation through facilities available to the juvenile court.
(5) The child has previously been adjudicated a delinquent by the commission of any of the following offenses: second degree murder, manslaughter, negligent homicide, simple rape, armed robbery, aggravated battery, aggravated burglary, aggravated arson and aggravated kidnapping.
B. The transfer terminates the jurisdiction of the juvenile court over the child with respect to the delinquent acts alleged in the petition.
C. No child, either before or after attaining the age of seventeen shall be prosecuted in criminal court for an offense which was allegedly committed by the child who had not then attained the age of seventeen unless the case has been transferred to criminal court as provided herein, or except as otherwise provided by law.
D. Notwithstanding any provision of law to the contrary when an offender fifteen years of age or older is charged with armed robbery or a crime punishable by life imprisonment, and a petition is filed in the juvenile court requesting the transfer of the offender to a district court of general criminal jurisdiction in accordance with R.S. 13:1571.1 et seq., should the juvenile court approve the petition for transfer without a previous adjudication of delinquency and the provisions of Paragraph 5 of Subsection A of this Section shall not be applicable in such instance.

. In fairness to the trial judge it should be pointed out that he conducted the transfer hearing shortly after enactment of R.S. 13:1571.1 and without the benefit of our decision in Everfield.